| Image ID: D00256945D01 | **SUMMONS** | Doc. No. 256945 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha            NE 68183

Natasha Carrizales v. Maribel Hamm

Case ID: CI 13    8965

TO:  Maribel Hamm

You have been sued by the following plaintiff(s):

    Natasha Carrizales           Nina Carrizales

*20346*

Plaintiff's Attorney:  Theodore R Boecker
Address:              11225 Davenport Street, Ste 100
                      Omaha, NE 68154

Telephone:            (402) 933-9500

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: APRIL 24, 2014       BY THE COURT:  *John M. Friend*
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Maribel Hamm
    4920 S. 30th Street Suite 103
    Omaha, NE 68107

BY:  Douglas County Sheriff
Method of service:  Personal Service

I hereby certify that this is a true copy of the original writ with all the endorsements thereon,
TIMOTHY F. DUNNING
Sheriff
BY *[signature]* 754510

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.

**EXHIBIT A**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI130008965
Transaction ID: 0000918377
Filing Date: 10/29/2013 11:59:37 PM CDT

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| NATASHA CARRIZALES, individually and on behalf of NINA CARRIZALES, a Minor, as her guardian and next friend; and NINA CARRIZALES, by and through her mother, guardian and next friend Natasha Carrizales<br><br>Plaintiffs,<br><br>vs.<br><br>MARIBEL R. HAMM,<br><br>Defendant. | Case No.:<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

COME NOW the Plaintiff Natasha Carrizales, individually and as parent, guardian and next friend of Nina Carrizales, a minor, and Nina Carrizales, by and through her mother Natasha Carrizales, and for their claims against the Defendants state and allege as follows:

1. In times relevant herein Natasha Carrizales was a resident of Omaha, Douglas County, Nebraska.

2. Nina Carrizales is a female minor child of Natasha Carrizales born on October 30, 2011.

3. Defendant Maribel R. Hamm is a certified nurse/midwife practicing in Omaha, Douglas County, Nebraska. Ms. Hamm attended to the care of Natasha Carrizales and delivery of Nina Carrizales on October 30, 2011.

4. On or about October 30, 2011 Natasha was admitted to Creighton University Medical Center – Saint Joseph Hospital (hereinafter "the Hospital").

5. Prior to her admittance the Hospital, Natasha had not experienced any difficulties during her pregnancy and had not been advised of any complications or issues with her unborn

child despite the fact that she had undergone prenatal care and had undergone an ultrasound, which depicted no problems with the unborn infant.

6. After her admittance to St. Joseph Hospital, Natasha's delivery was overseen or attended to various medical care providers including, but not limited to, Defendant Hamm

7. Natasha presented to the hospital at approximately 6:30 a.m. on October 30, reporting contractions every two to five minutes. Natasha advised Hospital staff that her contractions had started prior to her presentation in the Hospital.

8. Natasha vaginally delivered Nina at approximately 6:36 p.m. on October 30, 2011.

9. Natasha's labor in the Hospital lasted not less than twelve (12) hours.

10. During the course of Natasha's labor a fetal heart monitoring was undertaken.

11. The fetal heart monitoring reflected that there was various decelerations in the unborn child's heat rate during the labor.

12. The fetal heart monitoring of Nina reflected the present of nonreassuring fetal heart rate patters, which constitute signs of fetal distress.

13. The results of the fetal heart monitoring reflected on at least two (2) different occasions that the unborn infant, Nina, was undergoing fetal distress, reflected by rapid and substantial decreases in the fetal heart rate.

14. During the course of the delivery it was noted that Natasha was passing meconium-stained fluid from her vagina. The passage of meconium stained fluid is an indication of potential fetal distress and/or hypoxia, which can lead to or by a sign of asphyxia and/or meconium aspiration syndrome.

15. Despite knowledge of the events of fetal distress, as reflected on the fetal heart monitoring and the passage of meconium stained fluid, none of the Defendant physicians or nurses

took any steps to perform a cesarean section or otherwise attempt to immediately provide relief to the unborn infant, Nina, including but not limited to taking steps to effectuate a prompt delivery or otherwise take steps to abate distress.

16. Nina was delivered vaginally and determined to have suffered a hypoxic-ischemic encephalopathy.

17. As a consequence of the hypoxic-ischemic encephalopathy event, Nina Carrizales has been severely disabled.

18. As a consequence of the hypoxic-ischemic encephalopathy, Nina has suffered delayed and decreased motor development, loss of eyesight, loss of range of motion, decreased strength, decreased endurance, postural abnormalities and a compromised immune system, among other various losses.

19. As a consequence of her injuries Nina will also suffer the loss of enjoyment of the life that she otherwise would have enjoyed, including a loss of common earning capacity.

20. Nina presently requires constant care and attention and will require constant care and attention throughout her lifetime.

21. As a consequence of her injuries, Nina will also suffer a decreased life expectancy.

22. Nina presently requires constant care and attention, which places a substantial emotional and economic burden upon Natasha.

23. Nina's condition has caused Natasha to suffer great emotional distress and anguish and has adversely affected her ability to obtain employment given the need to provide fulltime care to Nina, as well as affected her physically due to the strains placed upon her in caring for Nina.

24. Natasha has also been deprived of the normal love, affection, companionship and relationship with Nina she would have otherwise had for her but for Nina's injury arising from the Defendant's negligent treatment and care.

25. The total economic cost of the present and continuing care of Nina is in an amount to be determined but is reasonably expected to amount to several millions of dollars over the course of Nina's lifetime.

26. As a consequence of her condition Nina will be unemployable and will also lose out upon the earning power she otherwise would have possessed had she not been subjected to the medical malpractice of the Defendant.

27. As a direct and proximate result of the actions and inactions of the Defendant, Plaintiff Nina Carrizales has suffered damages, including but not limited to:

    a. Physical injury;

    b. Medical bills;

    c. Pain and suffering in the past and reasonable expected to continue into the future throughout her lifetime;

    d. Loss of income;

    e. Permanent injury;

    f. Permanent disability; and

    g. emotional distress.

28. As a direct and proximate result of the actions and inactions of the Defendant, Plaintiff Natasha Carrizales has suffered damages, including but not limited to:

    a. Past and future economic losses, including but not necessarily limited to past and future expenses for healthcare goods and services for Nina, including but not

necessarily limited to expenses for medical, hospital, physician costs, therapy and special education expenses;

b. A loss of services, society, affection, care, comfort and companionship with Nina;

c. Impaired earning capacity and loss of income associated with the need to care for Nina;

d. Physical impairment and burden associated with the need to care for Nina; and

e. Severe emotional distress and trauma.

29. The Defendant departed from the applicable standard of care in several ways including, but not limited to, failing to seek the advice and consultation of an obstetrician who could perform a cesarean section delivery upon the indications of fetal distress or to otherwise take steps to relieve the fetal distress and effectuate a prompt delivery of Nina.

30. Defendant's departure from from the standard of care applicable to her during the provision of medical services to Natasha and Nina Carrizales, included but was not necessarily limited to:

   a. Mismanaging the labor and delivery of Natasha and Nina Carrizales;

   b. Failing to follow appropriate and standard medical procedure in light of the situation presented during the labor and delivery;

   c. Failing to intervene to promote a prompt delivery;

   d. Failing to obtain a physician in a timely manner to provide appropriate treatment;

   e. Failing to initiate, follow or conduct proper protocols;

   f. Failing to ensure appropriate medical personnel qualified to handle and manage the labor and delivery;

   g. Failing to obtain informed consent;and

h. Failing to use reasonable skill, diligence and care in the treatment of Natasha and Nina Carrizales, among other deviations.

31. As a direct and proximate result of the negligence and errors and omissions of the Defendants, Plaintiff Natasha Carrizales and Plaintiff Nina Carrizales suffered proximate harm and damage in an amount to be determined but substantially in excess of $1,750,000.00.

32. Plaintiffs hereby waive medical review and demand a jury trial on all issues so triable.

WHEREFORE, Plaintiffs pray for an award of their general and special damages in an amount to be determined but in excess of $1,750,000.00, together with the costs of this action, an award of attorney fees to the extent allowed by law, and for such other further relief as may be necessary, just or appropriate under the premises.

NATASHA CARRIZALES, Individually and on behalf of NINA CARRIZALES, a Minor, and NINA CARRIZALES, by and through her Mother, Guardian and Next Friend, Natasha Carrizales,

Plaintiffs,

By: /s/ Theodore R. Boecker, Jr.
_____
Theodore R. Boecker, Jr., NE #20346
BOECKER LAW, P.C., L.L.O.
11225 Davenport Street, Suite 100
Omaha, Nebraska 68154
Tele: (402) 933-9500
Fax: (402) 933-7983
Email: boeckerlaw@msn.com
ATTORNEY FOR PLAINTIFFS